RADER, Chief Judge,
concurring.
The undisputed claim construction in this case is a formulation which excludes a specific species of the antiinfective genus but permits the presence of other species. As the specification does not sufficiently disclose this dual-natured formulation, I join my colleagues. I write separately to highlight the problematic alternative rationale advanced by the Board of Patent Appeals and Interferences (Board).
The Board stated that the patentee did not show possession of a formulation that specifically excluded acriflavine as a species of antiinfectives. J.A. 14-15. The repeated references to “possession,” i.e. the traditional nomenclature for discussing written description, illustrate the weakness in using this framework for all written description cases.
“The name of the game is the claim.” In re Hiniker Co., 150 F.3d 1362, 1369 (Fed.Cir.1998) (quoting Giles Sutherland Rich, Extent of Protection and Interpretation of Claims-American Perspectives, 21 Int’l Rev. Indus. Prop. & Copyright L. 497, 499 (1990)). Here, the Board refused to wrestle with the fact that the claim at issue (and the patent as a whole) focuses on negative claiming. That is, the claim at issue specifically excludes an element, acriflavine, from the claimed formulation. J.A. 9. Yet the Board discusses written description in the context of claiming the inclusion, not the exclusion, of a particular element. See J.A. 15 (noting that when a patentee claims a species, the broad naming of the genus in a specification is likely insufficient); J.A. 15-16 (citing In re Rus *1325 chig, 54 C.C.P.A. 1551, 379 F.2d 990 (1967) for the proposition that the specification must provide “blaze marks” which guide the skilled worker from the broadly disclosed genus to the claimed species). Thus, the Board places the patentee into a Catch-22: to satisfy written description, the patentee must show possession of something it specifically claims it does not possess.
The adequacy of written description must be determined on the facts of each case. In re Jolley, 308 F.3d 1317, 1323 (Fed.Cir.2002). Here, the specification clearly supports a formulation which excludes all antiinfectives. Aeriflavine was a well-known species of antiinfective that had been used in teat seals to treat bovine mastitis for over 75 years. J.A. 15; 2418-53. Some of the Board’s analysis of possession ignored these facts and ignored the nature of the claims.